UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA            :

             vs.            :        CRIMINAL NO.  3:01CR181(AWT)

DEMENTRIUS NAVE                     :        May 30, 2007

DEFENDANT'S MEMORANDUM RE VIOLATION OF SUPERVISED RELEASE

Dementrius Nave was sentenced to serve 51 months of imprisonment to be followed by three years of supervised release.  Mr. Nave finished his term of imprisonment and commenced his term of supervised release on July 15, 2005.  Mr. Nave is scheduled for a hearing on violation of supervised release on June 14, 2007.  Mr. Nave intends to admit violating the terms and conditions of his supervised release. Mr. Nave faces a maximum sentence of two years imprisonment.  His Guidelines re-imprisonment range is higher than two years, making two years his suggested range.  Mr. Nave does not intend to resist the maximum sentence of two years of imprisonment.  Upon information and belief, as a result of various credits toward his sentence Mr. Nave will be finished serving a two year sentence by the beginning of July.

On September 16, 2005, Mr. Nave was arrested by Hartford Police on charges which included attempted assault on a police officer.  Mr. Nave was in state custody on those charges from September 16, 2005, until he posted bail on January 23, 2006 (i.e., for 130 days).  On January 25, 2006, Mr. Nave tested positive for cocaine use.  On February 23, 2006, Mr. Nave was arrested pursuant to a order that he show cause why his supervised release should not be revoked on the basis of (1) the alleged new criminal conduct and (2) testing positive for cocaine. Mr. Nave has been in custody since that date (and as of June 14, 2007, will have been in custody for an additional 476 days; a total of 606 days).  On March 13, 2006, Your Honor issued an order which released Mr. Nave from federal to State custody and stayed the proceedings on the violation of supervised release until the State charges were resolved.  On May 24, 2007, Mr. Nave pled guilty in Connecticut Superior Court (Miano, J.) to attempted assault on a police

- 2 -

officer.  On that same date, Mr. Nave was returned to federal custody.  Mr. Nave is scheduled for sentencing by Judge Miano on June 25, 2007.

18 U.S.C. § 3585(b) directs that a defendant is to be given credit for all time spent in custody "that has not been credited against another sentence."  None of Mr. Nave's time spent in custody since September 16, 2005, has been credited against any other sentence because he has not yet been sentenced by the State (indeed, he has purposefully held sentencing in abeyance in Connecticut Superior Court with the knowledge and understanding of Judge Miano so that his prior custody time will be credited federally).  Compare Dent v. Zenk, 408 F.Supp.2d 103 (E.D.N.Y. 2005) (Federal prisoner was not entitled to receive credit on his sentence for violation of supervised release for time spent in state custody where he had already received credit for that time against his state sentence).

18 U.S.C. § 3624(b) directs that a defendant sentenced to more than a year of imprisonment is entitled to a reduction of up to 54 days per year for satisfactory behavior while in custody.  It is fully anticipated that Mr. Nave will be entitled to such credit.  There are 730 days in two years.  If Mr. Nave receives 108 days of "good time" credit, he will have to serve 622 days on a sentence of two years.  If Mr. Nave receives credit for the total of 606 days that he has spent in custody as of June 14, 2007, he would be approximately 16 days away from finishing his federal term of imprisonment as of the date of his hearing.

Mr. Nave, it should be understood, will not be asking this Court to calculate credits toward his sentence or determine his release date.  Mr. Nave is aware that only the Bureau of Prisons ("BOP") can determine the appropriate credits and the release date of a sentenced inmate.  See United States v. Gonzalez, 192 F.3d 350 (2d Cir. 1999).  However, in light of the apparently short amount of time that Mr. Nave would appear to owe on his sentence if the Court sentences him to two years, Mr. Nave will be requesting the Court to seek an expedited calculation from the BOP in his case.  The United States Marshal can continue to house Mr. Nave locally and obtain an expedited calculation of Mr. Nave's release date from the BOP.

- 3 -

Respectfully submitted,

The Defendant,
Dementrius Nave

Thomas G. Dennis
Federal Defender

Dated:  May 30, 2007

/s/
Gary D. Weinberger
Asst. Federal Defender
10 Columbus Blvd, FL 6
Hartford, CT 06106-1976
Bar No. ct05085
(860) 493-6260
Email: gary.weinberger@fd.org

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2007, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
Gary D. Weinberger